IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON M. ROBERTS,<br><br>        Petitioner,<br><br>    v.<br><br>C. M. HARRISON,<br><br>        Respondent. | CV F 05-1006 OWW WMW HC<br><br>ORDER GRANTING MOTION TO STAY CASE AND HOLD IT IN ABEYANCE PENDING EXHAUSTION OF ADDITIONAL CLAIM<br><br>[Doc. 7] |

    Petitioner is a state prisoner proceeding pro se on a habeas corpus petition pursuant to 28 U.S.C. Section 2254. Petitioner seeks a stay of his petition in order to exhaust an additional claim in state court.

    A district court has discretion to stay a petition which it may validly consider on the merits. <u>Rhines v. Weber</u>, ___ U.S. ___, 125 S.Ct. 1528, 1534, 2005 WL 711587 (2005); <u>Calderon v. United States Dist. Court (Taylor)</u>, 134 F.3d 981, 987-88 (9th Cir. 1998); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court recently held that this discretion is circumscribed by the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). <u>Rhines</u>, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." <u>Id</u>. at 1535.  Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." <u>Id</u>.

       Unfortunately, the <u>Rhines</u> does not discuss what circumstances would constitute "good cause" for a petitioner's failure to exhaust his claims in state court before initiating his federal habeas corpus proceeding.  In the present case, Petitioner provides a declaration stating that the claims are newly discovered, in that he was only recently able to obtain declarations from the percipient witnesses.  This court is not prepared to find that this does not constitute good cause.  See <u>Fetterly v. Paskett</u>, 997 F.2d 1295, 1301   (9th Cir. 1993) (abused of discretion found when court denied stay to exhaust newly discovered claims). Further, the fact that Petitioner has already filed his petition with the California Superior Court presenting his newly discovered claim weighs towards supporting the AEDPA's objective of encouraging finality and undermines AEDPA's objective of streamlining federal habeas proceedings. <u>Id</u>. at 1534.

       Based on the above, Petitioner's motion for a stay of the proceedings is hereby GRANTED.  Thirty days from the date of this order and every thirty days thereafter, Petitioner shall file a status report informing this court of the status of his habeas petition in California Superior Court and his efforts to exhaust his claim. IT IS SO ORDERED.

**Dated:   March 16, 2006**           /s/  William M. Wunderlich
mmkd34                                UNITED STATES MAGISTRATE JUDGE